UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RACHEL PEAY-GOODMAN,<br><br>    Defendant. | Case No. 4:23-cv-00241-CWD<br><br>**CONSENT JUDGMENT** |

Pending before the Court is the Parties' Joint Motion for Entry of Consent Judgment. ECF No. 6. The Joint Motion requests that the Court enter judgment in favor of Plaintiff United States and against Defendant Rachel Peay-Goodman on Claim 1 and Claim 2 in the Complaint. Having reviewed the joint motion and good cause appearing, the Court will **GRANT** the motion.

    **IT IS HEREBY ORDERED** that the Joint Motion for Entry of Consent Judgment (ECF No. 6) is **GRANTED** and its terms are **INCORPORATED** into this Consent Judgment that is hereby approved by the Court.

## CONSENT JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED and DECREED:

1. Judgment is hereby awarded in favor of the United States of America and against Defendant Rachel Peay-Goodman on Claims 1 and 2 in the Complaint. *See* ECF No. 1 (Complaint) at ¶¶ 22-25 (alleging that Defendant violated the CSA, and specifically 21 U.S.C. § 842(a)(1), when she wrote prescriptions that lacked a legitimate medical purpose and were written outside the usual course of professional practice); *id*. at ¶¶ 26-32 (alleging that Defendant violated the FCA when she caused a false claim to be billed to the government).

2. The Parties agree that civil penalties and damages shall be awarded to the United States of America in the total amount of $75,000 for Defendant's violations of the CSA and FCA.  Therefore, the Court hereby awards judgment in the amount of $75,000 in favor of the United States and against Defendant Rachel Peay-Goodman.  With respect to each violation, the specific breakdown of civil penalties and damages are as follows:

    a. The parties agree that Defendant shall pay a civil penalty of $60,790.78 for violating the CSA.  *See* 21 U.S.C. § 842(a)(1); 21 U.S.C. § 842(c)(1)(A) (authorizing civil penalties).

    b. The parties agree that Defendant shall pay a civil penalty of $14,000 for violating the FCA, as well as treble damages in the amount $209.22. *See* 31 U.S.C. § 3729(a) (authorizing civil penalties and treble damages).

3. Defendant Rachel Peay-Goodman shall pay the judgment in the following manner:

    a. Within 30 days of the Court's entry of judgment in favor of the United States, Defendant will make a $40,000 lump sum payment.

    b. Thereafter, Defendant shall pay off the remaining $35,000 over a five-year period (60 months) by making monthly payments of at least $584.00 to the Department of Justice.  Defendant's first monthly payment of $584.00 will be due 60 days after the Court signs and enters this consent judgment.  Defendant shall thereafter make regular monthly payments until the judgment is paid in full.  The consent judgment must be paid in full within 61 months of the Court's entry of judgment.

    c. Monthly payments will be made payable to the U.S. Department of Justice and in a manner to be specified by the U.S. Attorney's Office for the District of Idaho within 30 days of entry of this judgment.

    d. Defendant acknowledges, and the Court agrees, that the judgment amount is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(2) and (a)(7).

4. DEA REGISTRATION:  Defendant Rachel Peay-Goodman shall surrender her DEA Registration (DEA Registration # MP4605056) within 30 days of entry of this Consent Judgment by executing a DEA Form 104 Surrender for Cause. Defendant may not reapply for a new DEA Registration until three years have passed from the date of entry of this Consent Judgment by the Court.

5. CONTINUED COOPERATION: Defendant Rachel Peay-Goodman shall continue to cooperate with the Department of Justice on related investigations and inquiries.

6. DEFAULT: Should Defendant fail to make timely payments to the United States consistent with this Consent Judgment or otherwise act inconsistent with this Consent Judgment, Defendant shall be deemed to be in default of this Consent Judgment. If Defendant defaults, then:

    a. The full amount of this Consent Judgment ($75,000), less any payments received, will be due within 30 days after the default. If the judgment is not paid in full within those 30 days, the United States may utilize all resources and means to collect on the judgment. Collection efforts include the right to levy execution of the judgment and enforce the judgment to the extent allowed by law, including, but not limited to, the United States filing a motion requesting that the Court find Defendant in civil contempt of this Court's order and requesting appropriate penalties. The United States will also be entitled to interest on any unpaid sums after the 30-day period. Collection efforts may also include the right to garnish wages or place liens on property.

    b. The United States will place Defendant in the Treasury Offset Program.

    c. If Defendant defaults, the United States may, in addition to collecting on the $75,000 Consent Judgment, file a new civil case against Defendant entitled *United States v. Rachel Peay-Goodman* for breach of this

consent judgment. If the United States files the new civil action as a result of Defendant's default of this Consent Judgment, Defendant agrees that an additional consent judgment shall be entered in the new case in favor of the United States and against Defendant in the amount of $100,000.

    d. Defendant further acknowledges and agrees that the judgment issued in that new civil action will be a civil penalty payable to and for the benefit of the government which is non-dischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(7).

7. COLLECTION: The United States will not attempt to collect on this judgment so long as Defendant remains timely in making payments. *See* Fed. R. Civ. P. 60(b). However, immediately upon entry of this Consent Judgment, the United States may file a judgment lien in any county in which Defendant has property, or an interest in any property, in order to preserve its lien position. The United States will not execute or foreclose on the lien unless Defendant defaults.

DATED: May 17, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge